IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELA ELAINE SILVA,

    Plaintiff,

v.                               Case No. 12-2103-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM AND ORDER**

In this case Plaintiff seeks judicial review of the Defendant's denial of her claim for disability insurance benefits and supplemental security income benefits.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." Because the Appeals Council denied the Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. The Court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wells v. Colvin*, __ F.3d __ (Aug. 19, 2013) (*quoting Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. *Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005). This standard "does not allow a court to displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Trimmer v. Dep't of Labor,* 174 F.3d 1098, 1102 (10th Cir. 1999).

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that he has a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or nondisability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do her previous work; unless the claimant shows that she cannot perform her previous work, she is determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 540 U.S. 20 (2003).

The claimant bears the burden of proof through step four of the analysis. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden of production shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. *Miller v. Chater*, 99 F.3d 972, 975 (10th Cir. 1996). The Commissioner meets this burden if its decision is supported by substantial evidence. *Miller,* 99 F.3d at 975.

## II. History of the Case

Plaintiff's medical history is well established in the record and will not be repeated here. Plaintiff, when approximately 50 years old, filed applications for disability insurance benefits and supplemental security income payments. Plaintiff had previously worked as a custodian and a housekeeper. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability.

At step two, the ALJ found that Plaintiff has severe impairments of borderline intellectual functioning, attention deficit hyperactivity disorder (ADHD), depression, and generalized anxiety disorder. At step three, the ALJ determined that those impairments do not meet or equal a listed impairment.

The ALJ found Plaintiff had no restriction of activities of daily living, moderate difficulties maintaining social functioning, moderate difficulties maintaining concentration, persistence, or pace, and no episodes of

decompensation. Tr.13-15. He found Plaintiff has the residual functional capacity (RFC) "to perform a full range of work at all exertional levels but is limited to simple work that requires no more than occasional interpersonal contact." Tr. 15. The ALJ determined at step four that plaintiff is able to perform her past relevant work as a custodian, so is not disabled.

## III. Analysis

### A. RFC – Weight to Opinions

The ALJ correctly found that "[a]s for the medical opinion evidence no doctor who has treated the claimant has stated or implied that she is disabled or seriously incapacitated." Plaintiff contends that the ALJ erred in reaching her RFC by giving insufficient weight to the opinions of treating psychiatrist Ibarra, examining psychologist Whitten, and case worker Owens.

#### 1. Dr. Ibarra

The ALJ expressly considered the opinion of Plaintiff's treating psychiatrist Ibarra and found some of it entitled to "substantial weight" and some of it entitled to "less weight."

Plaintiff does not object to the ALJ's giving "substantial weight" to Dr. Ibarra's opinion about Plaintiff's frequent limitations:

> The claimant's treating psychiatrist, Dr. Ibarra, completed a medical source statement dated November 4, 2009. (Exhibit 18F) He indicated he continued to treat the claimant for generalized anxiety disorder and ADD, with good response to treatment and good prognosis. He indicated no areas in which the claimant was constantly limited but reported she would be frequently limited in her ability to deal with the public; deal with work stress; understand, remember and carry out detailed or complex job instructions; and relate predictably in

5

social situations. These limitations are generally consistent with the record overall and have been given substantial weight in determining that the claimant is limited to simple work that requires no more than occasional interpersonal contact. This would provide for simple instruction, less work stress and limited social contact.

Tr. 21. But Plaintiff challenges the ALJ's finding which gave less weight to Dr. Ibarra's opinion about Plaintiff's occasional limitations:

> Dr. Ibarra also indicated several abilities that would be occasionally limited, for example in regard to working independently, following work rules, interacting with supervisors, maintaining attention/ concentration and demonstrating reliability.

Tr. 21.

The ALJ stated his reasons for giving less weight to this portion of Dr. Ibarra's opinion, stating:

> These limitations are given less weight as the claimant's ability to perform her duties satisfactory (sic) at past jobs, get along with her supervisors and her history of successful independent living, support that the claimant is not as limited in these areas.

Tr. 21. The ALJ thus gave three specific reasons, supported by the record, for giving this portion of Dr. Ibarra's opinion little weight. His decision was "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) (citing SSR 96–2p).

### 2. Ms. Owens

Plaintiff asserts the ALJ erred in discrediting the opinion of Ms. Owens, a case worker who believed it appropriate for Plaintiff to receive disability.

The ALJ expressly considered the written statement by Ms. Owens, a case manager who had worked with Plaintiff for "nearly one year." Tr. 218. Because Ms. Owens was a non-medical source, the ALJ properly considered her statement only for the purpose of showing the severity of Plaintiff's impairments and how they may affect plaintiff's ability to function. *See* Soc. Sec. Ruling 06–03p, 2006 WL 2329939 at *2 (Aug. 9, 2006).

Plaintiff contends that the social worker was in a better position than the ALJ to assess Silva's abilities in these areas due to the following: 1) Ms. Owens was one of the service providers attempting to assist Silva in her independent living; 2) Ms. Owens acknowledged Silva's past work history and explained why it was problematic; and 3) Ms. Owens addressed the fact that Silva had only one job that lasted longer than one year and explained that Silva may have been able to retain that job because of employee services provided by her employer, Johnson County. Dk. 9 p. 19.

The ALJ explained why he gave little weight to Ms. Owen's opinion:

> Ms. Owens states that she feels it is appropriate for the claimant to receive disability, rather than continue to beat this dead horse. She notes the claimant's life-long history of difficulty relating to others, poor job history, lack of transportation and limited resources in Johnson County. This statement is given little weight as it does not acknowledge the claimant's past years of substantial gainful activity, her ability to work with service providers and secure assistance, her ability to live independently and evidence that the claimant can do well in situations that allow for limited interpersonal contact.

Tr. 20.

The ALJ thus explained the weight he gave Ms. Owens' opinion, and his discussion of the evidence permits this Court to follow his reasoning. No more is required. The Court finds the ALJ's handling of this opinion to be satisfactory under the controlling precedent. *See Block v. Astrue*, 506 Fed.Appx. 764 (10th Cir. 2012).

### 3. Dr. Whitten

Plaintiff next alleges the ALJ erred in giving only "little weight" to the opinion of examining psychologist Robert Whitten, Ph.D.

At the request of Chanute Vocational Rehabilitation, Dr. Whitten conducted a psychological evaluation of the Plaintiff after the hearing to assess her work ability and limitations. He found her global assessment of functioning (GAF) to be 45 out of 100, indicating serious impairment in cognitive, school, social, emotional and occupational functioning.

The ALJ gave the GAF score little weight, for the following stated reasons:

> Dr. Whitten is an examining, not treating source and based much of his opinion on his one-time examination and subjective reports from the claimant. As detailed above, records from the claimant's treating sources have generally indicated mild to moderate symptoms with good results from medication. Despite the claimant's life-long history of interpersonal problems/communication skills, she has been able to live independently, perform a wide variety of daily activities and perform work at substantial gainful activity level for several years. The longitudinal record does not support such serious limitations as would be indicated by a GAF of 45.

Tr. 21.

8

Opinions from examining psychologists are generally entitled to less weight than those of a treating source. *Martinez v. Astrue,* 422 F. App'x 719, 724 (10th Cir. 2011). The weight the ALJ gave to Dr. Whitten's opinion is consistent with this general rule. Similarly, giving Dr. Whitten's opinion less weight because he saw the plaintiff only once is appropriate. *See Bronson v. Astrue,* 530 F.Supp.2d 1172 (D.Kan. 2008).

Additionally, the ALJ had previously found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "not credible to the extent they are inconsistent with" the RFC he assessed. Tr. 16. The ALJ may give little weight to a psychologist's opinion that depends on the statements of a claimant when, as here, there is reason to question the claimant's credibility. *See Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007) (finding the ALJ properly refused to credit opinions of treating and examining medical providers that depended on the plaintiff's veracity, because of plaintiff's propensity to exaggerate her symptoms and manipulate test results). Plaintiff does not challenge the ALJ's underlying findings regarding her lack of credibility in this area. Accordingly, the ALJ appropriately lessened the weight he gave to Dr. Whitten's opinion.

Further, substantial evidence supports the ALJ's finding that "the longitudinal record does not support such serious limitations as would be indicated by a GAF of 45." A GAF of 45 indicates a person has "serious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent

9

shoplifting OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Exhibit 21F/7-8. The record shows that Plaintiff had multiple GAF assessments, ranging from a low of 45 to a high of 70, as the ALJ found: 45 (initial) on July 19, 2005, changed to 68 two months later when the doctor met with the Client; 56-60 on June 1, 2007; 50 (initial) on December 3, 2008, changed to 70 on December 16, 2008; 50 on February 17, 2009; 45 on March 27, 2009; 45 on April 13, 2009; 55 on May 7, 2009; and 55 on May 29, 2009. The record also supports the ALJ's finding that the claimant's treating source records generally indicate mild to moderate symptoms with good results from medication, as discussed at Tr. 16-20.

The ALJ thus specified good reasons for giving little weight to Dr. Whitten's GAF score, and supported his decision with citation to the evidence. His decision was "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) (citing SSR 96–2p). Accordingly, Plaintiff has shown no error in the ALJ's evaluation of this medical opinion, and the Court rejects Plaintiff's implied request to reweigh the evidence and substitute its judgment for that of the ALJ.

The Court finds that the ALJ properly weighed the opinions of treating psychiatrist Ibarra, examining psychologist Whitten, and case worker Owens.

### B. Step Four Error – Past Relevant Work

Plaintiff additionally contends that the ALJ erred in finding she could perform her past work as a custodian. But Plaintiff's argument is premised on the ALJ's purported error in establishing her RFC, an argument which the Court has rejected.

Plaintiff additionally contends that "substantial evidence in the record supports [] opinions that Silva's impairments impose severe limitations on her residual functional capacity." Dk. 9. P. 22. But no citations to the record are made in support of this conclusory assertion. "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (internal quotation marks omitted). Plaintiff has not met that burden here.

The ALJ discussed the uncontroverted evidence he chose not to rely upon, the significantly probative evidence he rejected, and the evidence supporting his decision in a lengthy narrative with ample citations to the record. The record demonstrates that the ALJ considered all of the evidence, and the ALJ "is not required to discuss every piece of evidence." *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996). Accordingly, for the reasons stated herein, the Court finds that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 11th day of September, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge